UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT LONG, III**  CIVIL ACTION

**VERSUS**  No. 07-4827

**AMERICAN NATIONAL PROPERTY**  SECTION: I/5
**AND CASUALTY COMPANY**

ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of the defendant, American National Property & Casualty Insurance Company ("ANPAC"). For the following reasons, ANPAC's motion for summary judgment is **GRANTED** and plaintiff's SFIP claims against ANPAC are **DISMISSED WITH PREJUDICE.**

BACKGROUND

Plaintiff, Robert L. Long, III ("Long"), owns a home located at 4933 Utica Street, Metairie, Louisiana, which sustained flood damage when Hurricane Katrina made landfall on August 29, 2005.[1] At the time Katrina made landfall, Long's home was insured against flood damage by a Standard Flood Insurance Policy[2] ("SFIP") issued by ANPAC, in its capacity as a Write-Your-Own ("WYO") insurer.[3] The SFIP covered up to $121,000.00 for flood damage to Long's home and

---

[1] Rec. Doc. No. 1, p.3, paras. 6, 8.

[2] Long's SFIP policy number is 99-01365278-2005, and the policy was in effect at the time of Katrina. Rec. Doc. No. 30-6, p. 1, para. 1.

[3] *Id.* para. 2. Long's SFIP was issued pursuant to the National Flood Insurance Program ("NFIP").

$49,700.00 for flood damage to Long's contents.[4]

In the aftermath of Katrina, Long filed a claim under his SFIP.[5] Based on an independent adjuster's[6] inspection of Long's property, Long was paid $154,941.92 under the SFIP for flood damage to his home and contents.[7]

On August 28, 2007, Long filed the above-captioned lawsuit against ANPAC alleging that it: (1) breached the terms of its flood insurance policy with Long by failing to properly execute its obligations pursuant to the policy; (2) breached its duty of good faith and fair dealing by willfully or negligently failing to properly adjust Long's claim; and (3) made negligent representations in connection with the adjustment of Long's claim.[8] Long asserts that he is entitled to compensation from ANPAC for (1) the full value of the damage to the subject property, including foundation repair and/or total value of the subject property if it cannot be rebuilt; (2) loss of use; (3) recoverable depreciation; (4) mold damage and remediation; (5) debris clean up and removal; and (6) cost of compliance.[9]

On June 24, 2008, ANPAC filed this motion arguing that no

---

[4] *Id.* para. 1. Long's structural coverage and contents coverage each had a $500.00 deductible.

[5] *Id.* para. 4.

[6] *Id.* paras. 5-6.

[7] *Id.* para. 6.

[8] Rec. Doc. No. 1, p. 1, para. 1.

[9] *Id.* at p. 6, para. X.

-2-

genuine issues of material fact exist with respect to Long's SFIP claims and, as such, ANPAC is entitled to judgment as a matter of law.[10]  Specifically, ANPAC argues that, as a result of Long's failure to comply with the mandates of the SFIP dwelling form, Long is barred from asserting SFIP claims against ANPAC.[11]

## LAW AND ANALYSIS

### I. STANDARDS OF LAW

#### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden

---

[10]Rec. Doc. No. 30.

[11]Rec. Doc. No. 30-9, at 5.

pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II.   DISCUSSION**

    **A.   THE NATIONAL FLOOD INSURANCE ACT**

The U.S. Government's National Flood Insurance Program ("NFIP") was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered

through the Federal Emergency Management Agency ("FEMA").  *Wright v. Allstate Ins. Co.* (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these polices must be issued in the form of a SFIP. 44 C.F.R. § 61.4(b); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998).

Although a SFIP can be issued by a "Write Your Own" ("WYO") insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright I*, 415 F.3d at 386; *see Gowland*, 143 F.3d at 953.  Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.,* No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.' " *Wright I*, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Id.* at 388 (citing

*Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

**B.     COMPLIANCE WITH SFIP REQUIREMENTS**

"In the case of a flood loss to insured property, [the insured] must" fulfill a list of requirements. 44 C.F.R. pt. 61, app. A(1) art. VII. J.; *see Gowland*, 143 F.3d at 953-54. The requirements most pertinent to this case are those set forth in Articles VII. J. 3., and 4., of the SFIP.

Article VII. J. 3., mandates that an insured provide "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." 44 C.F.R. pt. 61, app. A(1) art. VII. J. 3.; *see Guillot v. Allstate Ins. Co.*, Civil Action No. 06-8050 (Vance, J.). Article VII. J. 4., provides:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the term of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3. above.

44 C.F.R. pt. 61, app. A(1) art. VII. J. 4..

The documentation provided must strictly comply with the SFIP in order for the insured to recover. *See Gowland*, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); *Durkin v. State Farm Mut. Ins. Co.*, 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

On August 31, 2005, David Maurstad, the Acting Federal Insurance Administrator, in response to the catastrophic losses due to Hurricane Katrina, issued an order waiving the requirement that a policyholder must file a proof of loss prior to receiving insurance proceeds.[12] *See Richardson v. Paulison*, 2007 WL 647289, at *2 (E.D.La. Feb. 28, 2007) (Feldman, J.). The order stipulated that payment of the loss would be based on the evaluation of damage in the adjuster's report.[13] *Id.* For those policyholders in disagreement with the insurer's adjustment, settlement, or payment

---

[12]Rec. Doc. No. 30-4, "Waiver of Proof of Loss Requirement."

[13]*Id.*

of the claim, the requirement to submit a proof of loss was extended from sixty days to one year from the date of the loss.[14] *Id.*

ANPAC argues that, pursuant to Article VII. R., Long is barred from asserting claims for additional SFIP benefits because he failed to (1) timely submit a signed and sworn proof of loss, as required by Article VII.J.4.; and (2) submit documentation supporting Long's claims for additional SFIP payments, as required by Articles VII.J.3, ad VII.J.4.f..[15]

Concerning ANPAC's argument that Long failed to timely submit a signed and sworn proof of loss as required by Article VII.J.4., ANPAC's corporate representatives with regard to SFIP insurance policies, Kim Berger ("Berger") and Mary R. Goodnough ("Goodnough"), each state in sworn affidavits that Long failed to timely submit a signed and sworn proof of loss to ANPAC substantiating Long's claim for the additional SFIP benefits now being sought in this lawsuit and that as a result, Long's lawsuit was filed in violation of Articles VII.J.4., and VII.R., of the SFIP.[16]

---

[14] *Id.*

[15] Rec. Doc. No. 30-9, p. 19.

[16] Rec. Doc. Nos. 30-3, 34-4. The Court notes that in his statement of contested material facts, Long asserts that he timely provided ANPAC with a "proper" proof of loss. Rec. Doc. No. 31-2. Considering the fact that Long's statement of facts is neither authenticated, nor sworn to, by Long, Long's statement of facts is not proper summary judgment evidence and shall not be considered by the Court. Alternatively, even if Long's statement of facts constituted admissible summary judgment evidence, said statement of facts is ambiguous as to whether the aforementioned proof of loss was for the additional benefits sought in this case and, as such, it cannot refute

Long argues that, after ANPAC's field agent produced damage reports pertaining to the subject property, he provided ANPAC with timely signed and sworn proofs of loss substantiating the amounts sought in this case.[17]  Long claims that he is unable to provide copies of the aforementioned proofs of loss because he was unaware that he would need to keep copies of those documents.[18]  However, Long supports his argument by referencing his complaint, wherein Long alleges that he made sure that "[s]atisfactory proof of loss was supplied to [ANPAC] and a 'Proof of Loss' was filed with [ANPAC]."[19]  Long also contends that, in light of the fact that WYOs may not pay SFIP proceeds without first being provided an adequate proof of loss, ANPAC's initial payment of SFIP proceeds to Long serves as evidence that he submitted a timely and adequate proof of loss.[20]

Long's complaint is not verified.  Accordingly, the allegations contained therein do not constitute competent summary judgment evidence and, therefore, they do not suffice to raise a genuine issue of material fact as to whether Long timely submitted an adequate proof of loss pertaining to the SFIP benefits being

---

Berger's and Goodnough's sworn statements that Long did not provide a timely proof of loss specifically pertaining to the additional SFIP benefits claimed in this lawsuit.

[17] Long asserts that he submitted proofs of loss to ANPAC both prior and subsequent to December 1, 2005.  Rec. Doc. No. 31, p. 1.

[18] Id. at p. 2.

[19] Id. at pp. 1-2; Rec. Doc. No. 1, pp. 3-4, para. 10.

[20] Rec. Doc. No. 31, p. 2.

sought in this case. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (finding that a complaint did not constitute summary judgment evidence because it was unverified); *Scott v. DMN, Inc.*, 31 Fed.Appx. 836, at *1 (5th Cir. 2002) (the non-movant party opposing a summary judgment may not rest its arguments on an unverified complaint); *Solo Serve Corp. v. Westone Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991) (when a movant has filed a properly supported motion for summary judgment, the non-movant cannot rely on the facts alleged in an unverified complaint to avoid summary judgment); *Wilber v. Tharaldson Employee Mngmt, Co.*, 2005 WL 3018262, at *12 n. 11 (E.D. Tex. Nov. 10, 2005) ("[A]n unverified complaint does not constitute competent summary judgment evidence.").

Furthermore, Long's contention that ANPAC's initial payment of SFIP proceeds serves as evidence that Long submitted a timely sworn proof of loss is without merit. As previously explained, the occurrence of Katrina prompted the Acting Federal Insurance Administrator to modify the proof of loss requirement such that a proof of loss is only required "when a policyholder disagrees with the insurer's adjustment, settlement, or payment of a claim." *Wells v. Fidelity Nat'l Ins. Co.*, No. 06-5381, 2008 WL 2781539 at *3 (E.D. La. July 14, 2008). As such, ANPAC did not require a proof of loss prior to making initial SFIP payments to Long and the fact that Long received such payments based on ANPAC's estimate of Long's damage does not stand as evidence that Long provided ANPAC with a proper proof of loss, complete with supplemental

documentation, as required by the SFIP.

Long has failed to provide sufficient summary judgment evidence to refute Berger's and Goodnough's sworn statements and establish that he complied with Article VII.J.4., by providing ANPAC with a timely sworn and signed proof of loss pertaining to the additional SFIP benefits sought in this case.  Therefore, Long is barred from asserting SFIP claims against ANPAC, and ANPAC is entitled to judgment as a matter of law.[21]

Accordingly,

**IT IS ORDERED** that ANPAC's motion for summary judgment is **GRANTED** and that Long's SFIP claims against ANPAC are **DISMISSED WITH PREJUDICE.**[22]

New Orleans, Louisiana, July 28, 2008.

/s/ Lance Africk<br>
**LANCE M. AFRICK**<br>
**UNITED STATES DISTRICT JUDGE**

---

[21] The Court notes that Long attaches supplemental sworn proofs of loss to his memorandum in opposition. Rec. Doc. No. 31-6.  However, said proofs of loss do not provide sufficient summary judgment evidence to defeat ANPAC's motion.  Long's supplemental proofs of loss provide no insight into the issue of whether Long timely submitted an initial proof of loss to ANPAC pertaining to the additional SFIP benefits sought in this case.  Furthermore, if Long is arguing that the supplemental proofs of loss substantiate his claim for additional benefits in this case, Long's argument inevitably fails, as the aforementioned proofs of loss were submitted to ANPAC on June 28, 2007, well beyond the one year period prescribed by the SFIP.

[22] Considering its findings herein, the Court need not determine whether Long provided ANPAC with supporting documentation sufficient to comply with Articles VII.J.3., and VII.J.4.f, of the SFIP.